## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 20-cv-23705-ALTMAN/Goodman

**ANTONIO JAVIER CORTAZA**,

    *Plaintiff*,

v.

**COMMISSIONER OF SOCIAL SECURITY**,

    *Defendant*.

_____/

## ORDER

On April 14, 2022, the Plaintiff filed a Motion for Summary Judgment [ECF No. 22] (the "Plaintiff's MSJ"). The Defendant responded to the Plaintiff's MSJ and filed its own cross-motion for summary judgment on May 16, 2022. *See* [ECF No. 25] (the "Defendant's MSJ"). The case was referred to Magistrate Judge Jonathan Goodman, *see* Notice of Referral [ECF No. 3], who recommended that we deny the Plaintiff's MSJ and grant the Defendant's MSJ, *see* Report and Recommendation [ECF No. 30] (the "R&R") at 2. Magistrate Judge Goodman also warned the parties as follows:

> The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interests of justice. *See* 29 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

*Id.* at 34. More than fourteen days have passed, and neither side has objected.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept

the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the R&R, the record, and the applicable law, we find no clear error on the face of the R&R. Accordingly, we hereby **ORDER AND ADJUDGE** as follows:

1. The R&R [ECF No. 30] is **ACCEPTED and ADOPTED** in full.

2. The Plaintiff's MSJ [ECF No. 22] is **DENIED**.

3. The Defendant's MSJ [ECF No. 25] is **GRANTED**.

4. This case shall remain **CLOSED**.

5. All other pending motions are **DENIED as moot**, all hearings are **CANCELLED**, and any deadlines are **TERMINATED**.

6. Pursuant to FED. R. CIV. P. 58, the Court will enter final judgment separately.

**DONE AND ORDERED** in the Southern District of Florida on February 21, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record